UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TEIMURAZ DZIMISTARISHVILI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN *et al.*,<br><br>Respondents. | CAUSE NO. 3:26cv1565 DRL-SJF |

OPINION AND ORDER

Immigration detainee Teimuraz Dzimistarishvili, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions filed under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The petition is dismissed without prejudice under Rule 4.

This is Mr. Dzimistarishvili's second time seeking habeas relief in this district. *See Dzimistarishvili v. Warden,* No. 3:26cv1154 (N.D. Ind. closed Sept. 18, 2026). As previously captured:

> Mr. Dzimistarishvili is a citizen of Georgia who entered the United States without inspection. He was encountered by United States Border Patrol agents in Arizona near the United States-Mexico border in 2021, served with a notice to appear in immigration court, and released on his own recognizance. In July 2026, his release was canceled and he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents in Indiana pursuant to an administrative warrant after being stopped by local law enforcement while

> driving a commercial vehicle in that state. He is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings. He argues that he has been unlawfully denied an opportunity for release on bond because officials view him as categorically ineligible for bond under 8 U.S.C. § 1225(b)(2).

*Id.* (internal citation omitted).

In light of the circuit's decision in *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026), the Warden conceded that Mr. Dzimistarishvili was entitled to an individual custody redetermination hearing under 8 U.S.C. § 1226(a). The Warden nevertheless asserted an exhaustion defense and argued that the petition should be dismissed without prejudice because Mr. Dzimistarishvili had not yet pursued the administrative custody review process. He argued that exhaustion would be futile, but the court disagreed. The court dismissed his petition without prejudice on September 18, 2026, concluding that he must exhaust his available administrative remedies related to a custody redetermination before he could be granted habeas relief. The court "put the ball in [his] court" to file a motion for a custody redetermination in his removal proceedings and to appeal any adverse ruling to the Board of Immigration of Appeals (BIA).

The same day as the court's dismissal order, an immigration judge ordered Mr. Dzimistarishvili removed to Georgia [1-1]. He filed an appeal to the BIA on October 5, 2026, which remains pending as far as the present record shows. On October 28, 2028, he returned to federal court seeking habeas relief. Specifically, he asks for release on reasonable conditions or, alternatively, a bond hearing within seven days. The exhibits to his petition reflect that he filed a motion for a custody redetermination by an immigration judge on October 27, 2026, one day before filing the petition [1-1]. There is no indication from his

petition that he has obtained a ruling on his motion or appealed any adverse decision to the BIA.[1]

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). But when "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be done. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). A court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy and administrative comity. *Id.* at 1017. A petitioner "with a statutory argument that has a reasonable prospect of affording him relief may not skip the administrative process and go straight to federal court," *id.* at 1018, though "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue," *id.* at 1016.

When the court says go exhaust administrative remedies, it means it. That is not an invitation to refile another habeas petition before he has done so. Mr. Dzimistrarishvili did not demonstrate futility or other grounds to excuse exhaustion in connection with his first petition, and there has been no meaningful change in circumstances since his petition was dismissed a little over a month ago. He has now initiated the custody review process, but he must give that process a chance to run its course before seeking federal habeas relief.

---

[1] He says in his petition that he "will promptly file with this Court any hearing notice or decision the Immigration Court issues" [1]. To date, nothing in that vein has been filed.

For these reasons, the court DISMISSES the petition [1] WITHOUT PREJUDICE for lack of exhaustion pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and DIRECTS the clerk to enter final judgment and close this case.

SO ORDERED.

November 3, 2026

*s/ Damon R. Leichty*
Judge, United States District Court